IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                                           )
TIMOTHY STONE,                                )
          Plaintiff                             )
                                                           )
    v.                                                 )   No. 1:20-cv-00144-MSM-PAS
                                                           )
PATRICIA COYNE-FAGUE, et al         )
          Defendants                        )
_____        )

## ORDER

Mary S. McElroy, United States District Judge

      The plaintiff, Timothy Stone, is a prisoner in the custody of the Rhode Island Department of Corrections ("DOC"). He has filed a complaint invoking 28 U.S.C. § 1983, alleging that various officials of the DOC have violated his Eighth and Fourteenth Amendment rights to be free from cruel and unusual punishment and to due process. The alleged wrongs complained-of span a period of six years prior to the filing of the complaint and range from violations of prison disciplinary rules to the excessive use of physical force. The complaint also alleges that the DOC breached the terms of a settlement agreement reached in an unrelated case.

      Mr. Stone, despite numerous extensions of time, has failed to respond to the Motion to Dismiss. The Court, however, has independently reviewed it on the merits. For the reasons stated below, the Court GRANTS the defendants' Motion to Dismiss

(ECF No. 8) with respect to all claims *other than* that alleging non-compliance with the previous settlement agreement.  With respect to that claim, the Motion to Dismiss is DENIED.

The Memorandum filed with the Complaint (ECF 1-2) recites the factual bases of Mr. Stone's claims.  The Court, mindful of the admonition that *pro se* filings should be read with some leniency, *Erickson v. Pardus,* 551 U.S. 89, 93 (2007), treats the recitation of facts in the Memorandum as if incorporated into the Complaint for purposes of the Motion to Dismiss brought by the defendants pursuant to Fed.R.Civ.P. 12(b)(6).

1. All claims against persons in their official capacity are dismissed because neither the State nor its officials may be sued in such capacity for damages under § 1983.  *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71 (1989).

2. All claims against "unknown" officials are dismissed because the Complaint fails to describe them with sufficient specificity to allow them to be identified.

3. While the plaintiff's recitation of an alleged assault committed by certain named officers while he was in restraints and trying to shelter under a table does state sufficient facts to constitute a plausible Eighth Amendment excessive force claim, *Wilkins v. Gaddy,* 559 U.S. 34, 38 (2010), it is barred by the three-year Statute of Limitations applicable to § 1983 lawsuits.  *Tang v. State of R.I., Dept. of Elderly Affairs,* 904 F.Supp. 55, 60-61 (D.R.I. 1995); *Paul v. City of Woonsocket,* 745 A.2d 169, 172 (R.I. 2000).  The assault is alleged to

have occurred on March 14, 2017, and the Complaint was filed on March 23, 2020.

4. The claims of due process violations arising from the actions of named and unnamed correctional officers on May 21, 2014 and Oct. 29, 2016, are also time-barred.

5. The claims against various members and staff of the Rhode Island Parole Board fail to rise to the level of constitutional harms cognizable under § 1983. Moreover, state law affords Mr. Stone an avenue of relief. *See e.g., LaBombard v. Rhode Island Dept. of Corrections, Parole Board, et al,* No. M.P. 83-1606, 1983 WL 481431 (R.I. Super. June 29, 1983 (unpublished) (complaint that various correctional officials fabricated incidents that resulted in parole denial).

6. The claim arising from the allegedly purposeful destruction of Mr. Stone's legal materials – by storing them in bags containing foodstuff so as to entice rodents – fails to state a plausible claim of constitutional violation, as do a variety of allegations arising from the confiscation of soap and other alleged indignities. *Campbell v. Cornell Corrections of Rhode Island, Inc.,* 564 F.Supp.2d 99, 104-105 (D.R.I. 2008).

7. Finally, Mr. Stone complains that the DOC has failed to comply with the terms of a settlement he obtained in an earlier lawsuit, No. 1:11-cv-00127L. That case was settled in 2017. Because the settlement was neither incorporated into the dismissal order nor memorialized in a separate document in the case, it

must be enforced, if at all, by an independent action. *F.A.C., Inc. v. Cooperativa de Seguros de Vida de Puerto Rico,* 449 F.3d 185, 189-90 (1st Cir. 2006). The instant action is independent. Although the Agreement itself is not in this case record, Mr. Stone makes sufficiently specific allegations from which it may be reasonably inferred that he was promised a dental implant and a job as a law clerk in the law library. He contends he never received the implant and that he was required to meet certain conditions not part of the Agreement to become a law clerk. Those allegations, particularly as any Agreement is presumably in the hands of the defendants, are enough to withstand a Motion to Dismiss under Rule 12(b)(6).

For the above reasons, the defendants' Motion to Dismiss (ECF No. 8) is GRANTED except with respect to the claim related to enforcement of the 2017 settlement reached in 1:17-cv-00127L. As to that claim, the Motion is DENIED.

IT IS SO ORDERED;

_/s/ Mary S. McElroy_
Mary S. McElroy,
United States District Judge

Date: March 10, 2021